SURREY JOHNSON v. STATE.

No. 1925. Decided October 23, 1912.

Rehearing denied November 20, 1912.

1.—Robbery—Sufficiency of the Evidence.

Where, upon trial of robbery, the evidence was sufficient to sustain the conviction, there was no error.

2.—Same—Newly Discovered Evidence.

Where, upon trial of robbery, the alleged newly discovered evidence was known to defendant and his counsel before the trial, there was no reversible error.

Appeal from the District Court of Lavaca. Tried below before the Hon. M. Kennon.

Appeal from a conviction of robbery; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*W. T. Bagby,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, his punishment being assessed at seven years confinement in the penitentiary.

There are no bills of exception in the record. It is alleged that the evidence is insufficient to support the judgment, and that appellant was entitled to a new trial on account of newly discovered evidence. The affidavit of Canon, the deputy sheriff, is attached to the new trial motion stating the matters alleged to be newly discovered. This was met by another affidavit from the same party filed by the State, the substance of which is, that he was in attendance on the District Court the day upon which appellant was tried. On that day and before any evidence was offered in the case, and before the jury had been selected, he informed the attorney for appellant of all the facts set out in his original affidavit, except the fact that he examined the wagon, and further that the two Bohemians had had a row previous to that time, and on the day the robbery is alleged to have occurred had adjusted their difficulties and proceeded to get drunk together. The evidence discloses that the injured party and another Bohemian were in the town of Hallettsville on the day preceding the alleged robbery at night; that somewhere from 10 to 12 o'clock at night they got in the wagon of the injured party and started in the direction of their homes; the injured party owned the wagon and horses driven to it, and the other party was sitting on the seat with him and leading his horse behind the wagon. After reaching a point a mile or so from the town the injured party was set upon by somebody and beaten on the head, he says, with a club, and finally robbed. He recognized appellant as the man who did it. He says he was not drunk, but the other Bohemian says he was drunk, and that both of them were drunk. In the light of the facts we are of opinion that this record does not bring the newly discovered evidence within the rule prescribed by legislative action. If appellant and the other Bohemian had been enemies and made friends on that particular day, or during the day preceding the robbery at night, this could not be newly discovered for the defendant. He was fully aware of that fact as was the other Bohemian. In fact, the defendant does not make affidavit or introduce any evidence connected with the motion for new trial or this record to show that he was unaware of those facts. We are of opinion, therefore, this is not newly discovered evidence, and could not have been newly discovered because the defendant knew about the facts if such were true.

In regard to the other proposition, that is, that the evidence is insufficient, we would not feel justified in so holding. The evidence for the State is positive that appellant did the act, that he beat the assaulted party with a club or blunt instrument of some sort, which he says was a club or a ''standard'' taken out of the wagon, and also used a pistol in the robbery, not by striking but pointing it at him while he relieved him of his cash. The appellant introduced evidence to the effect that he was not present, that he was at another place; in other words, he proved by a number of witnesses an alibi. We would not feel justified in reversing for this reason. The jury

are the judges of the credibility of the witnesses and the weight to be given their testimony, and the State having proved a case, the jury were authorized to believe the witnesses on either side.

Believing there is no reversible error in the record the judgment is affirmed.

*Affirmed.*